Justin Gray
102 W. Pheasant Dr.
Austin, TX [78753]
justingraycomputer@gmail.com
512-653-1681
Plaintiff, in *pro per*



UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JUSTIN GRAY,<br><br>   Plaintiff,<br><br>v.<br><br>RAUSCH STURM ATTORNEYS IN PRACTICE OF DEBT COLLECTION; MADELEINE HAYES,<br><br>   Defendants, | No. **A19CV0725RP**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**AFFIDAVIT**<br><br>**TRIAL BY JURY DEMAND** |

### NATURE OF ACTION

1.     This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2.     Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA.

3.     Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## PRELIMINARY STATEMENT -- FDCPA

4   The FDCPA regulates the behavior of debt collectors and collection agencies attempting to collect a debt on behalf of another. The United States Congress has found an abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, to the loss of jobs and to invasion of privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent and uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

5.   The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated" consumer. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 77(9th Cir. 1982) 8; *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 122, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd...the ignorant, the unthinking and the credulous." *Clomon v. Jackson* 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

6.   The FDCPA does not ordinarily require proof of an intentional violation and is a strict liability statute. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l,

aggrieved individuals are also authorized to bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

7. "Whether conduct violates [§] 1692e . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC,* 499 F.3d 926, 934 (9th Cir. 2007)); *see also Swanson v. S. Or. Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988). "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061-62 (9th Cir. 2011). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 2017 (9th Cir. 2012). In the Ninth Circuit, a debt collector's liability under § 1692e of the FDCPA is a question of law. *Gonzales, LLC,* 660 F.3d at 1061 n.4 ("Because liability under § 1692e is an issue of law, Arrow's argument that this court should remand for a jury trial on liability necessarily fails. We recognize that in other circuits, whether a communication is likely to mislead the least-sophisticated debtor is an issue of fact.").

8. To prohibit deceptive practices, the FDCPA at 15 U.S.C. § 1692 e, provides an exhaustive list of certain per se violations of harassing and abusive conduct and outlaws the use of false, deceptive and misleading representations or means in connection with the collection of any debt.

9. Defendants acts violate the FDCPA.

10. Defendants acts are damaging Plaintiff's commercial reputation, credibility and portraying Plaintiff to be a disreputable person in the community.

## JURISDICTION AND VENUE - TRIAL BY JURY DEMAND

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

12. All conditions precedent to the bringing of this action have been performed.

13. Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and 15 U.S.C. §1692, Defendant engages in and transacts business here, and all of the conduct and events complained of occurred here. Further, Plaintiff resides in this district.

14. Pursuant to the Federal Rules of Civil Procedure, Rule 38(b), Plaintiff hereby demands a jury trial on any and all issues qualified for a jury trial.

## CIVIL LIABILITY- RIGHT OF REMEDY

15. 15 U.S.C. §1692k(a)(1) and (a)(2)(A) state that "…any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure; in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000."

## PARTIES

16. Plaintiff Justin Gray, a natural person, is an adult individual who resides in the County of Travis, in the State of Texas.

17. Plaintiff is a consumer as defined by 15 U.S.C. §1692a (3) and is a "person" as defined by 15 U.S.C. § 1681a(b).

18.  Plaintiff is informed and believes, and thereon alleges that Defendant Rausch Sturm Attorneys In Practice Of Debt Collection, (or, "Rausch Sturm") is a Corporation, and regularly conducts business in the state of Texas, with a business office located at 15660 N. Dallas Parkway, Suite 350, Dallas, TX 75248.

19.  Plaintiff is informed and believes, and thereon alleges that Defendant Madeleine Hayes, (or "Hayes") is an individual, and regularly conducts business from Rausch Sturm Attorneys in Practice of Debt Collection's business office located at 15660 N. Dallas Parkway, Suite 350, Dallas, TX 75248.

20.  Defendants are debt collectors who, at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff by use of mail, as defined by 15 U.S.C. §1692a (5).

21.  Defendants regularly attempts to collect consumer debts alleged to be due another.

22.  The Defendants regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

23.  Wherever this complaint alleges that Rausch Schrum, did any act or thing, it is meant that it, its directors, officers, agents, employees, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under direct control of Defendant Rausch Sturm.

24. Defendants are liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendant was expressly authorized or ratified in concert by the Defendants.

## FACTUAL ALLEGATIONS

25. On or about August 1, 2012, Plaintiff allegedly incurred financial obligations to the original creditor, Synchrony Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and a "consumer debt".

26. On or about October 5, 2017, Plaintiff received a monthly billing statement from Synchrony Bank. Plaintiff became increasingly concerned that the statement did not accurately reflect the balance of the alleged account.

27. On or about November 3, 2017, Plaintiff sent officers of Synchrony Financial a notice of dispute which included a demand for validation of the alleged debt. See **Exhibit A.**

28. On or about November 27, 2018, Defendants Rausch Sturm and Hayes, caused to be filed a complaint listing Plaintiff as the defendant in the Justice Court PR4 Court of Travis County, State of Texas, case number J4-CV- 18-003179. At paragraph numbers 6 – 9 of said complaint, Defendants entered false, deceptive, or misleading representations or means in connection with the collection of any debt when Defendants stated on the record at ¶ 6, "The balance remaining on the credit account is presently due and payable in full.", and ¶ 7, "After allowing for all just and lawful offsets, credits, and payments on the credit account, the total balance due to the Plaintiff by Defendant(s) on the Account is $4,398.91.", ¶ 8, "The Defendant(s) have failed, neglected, and refused to pay the amount requested." And ¶ 9,

"Plaintiff has performed all conditions precedent to the filing of this action or all such conditions precedent has been performed or have occurred.", see **Exhibit B.**

**29.** On or about February 21, 2019, Plaintiff received by regular U.S mail, a copy of the Citation/Complaint dated November 27, 2018 Defendants caused to be filed, listing Plaintiff as the defendant in Justice Court PR4 Court of Travis County, State of Texas, case number J4-CV-18-003179.

## LEGAL STANDARDS

The FDCPA does not ordinarily require proof of an intentional violation and is a strict liability statute. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l, aggrieved individuals are also authorized to bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 978 (9th Cir. 2008) (noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

## COUNT I
## FDCPA, 15 U.S.C. § 1692e (10)

**30.** Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

**31.** Plaintiff did in fact object to the proposed billing statement of Synchrony Bank by the sending of a notice of dispute and demand for validation as described in Plaintiff's factual allegations.

**32.** Synchrony Bank did not provide Plaintiff with validation of the alleged debt.

**33.** Defendants caused to be filed a Citation/Complaint against Plaintiff which included false, deceptive, or misleading representation(s) or means in connection with the collection of an alleged debt contrary to 15 U.S.C. § 1692e (10) which states in part:

> *§ 807. False or misleading representations*
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*

## COUNT II
## FDCPA, 15 U.S.C. § 1692e (5)

**34.** Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

**35.** Defendants are demonstrating non-compliance with 15 U.S.C. § 1692e (5) by the taking of any action that cannot legally be taken or is not intended to be taken, while absent verification and validation of an alleged debt, contrary to 15 U.S.C. § 1692e (5) states in part:

> *§ 807. False or misleading representations*
> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>> *(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

**36.** Plaintiff would show unto the Court with regard to legal validation and verification of a debt:

    **a.** There is no statutory definition of verification under the FDCPA therefore the ordinary meaning of the word; particularly in law defines the word. "In the

       absence of a statutory definition, courts give terms their ordinary meeting. *"Bass, Terri L. v. Stolper, Koritzinsky,* 111 F.3d 1325, 7thCir. Apps. (1996).

b. As the U.S. Supreme Court noted, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. See, e.g., *United States* v. *Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241-242 (1989); *United States v. Goldenberg,* 168 U.S. 95, 102-103 (1897); *Oneale v. Thornton,* 6 Cranch 53, 68. When the words of a statute are unambiguous, then this first canon is also the last:" judicial inquiry is complete." *Rubin v. United States,* 449 U.S. 424, 430(1981)

c. "The legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States,* 369 U.S.1 (1962).

d. Verification, n. 1. A formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document. ... *"Black's Law Dictionary, 7th Edition (1999).*

e. Verification requires "Confirmation of correctness, truth, or authenticity, by affidavit, oath or deposition .... In accounting, the process of substantiating entries in books of account." *(Black's Law Dictionary, Sixth Edition).* This refers to verifying the entire bookkeeping journal entries associated with a loan transaction being verified.

37. As a consequence of such violations, Plaintiff has sustained special and general damages according to proof, in addition to attorney's fees and costs as determined by the court pursuant to 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants as follows:

1. For statutory damages pursuant to 15 U.S.C. § 1692k.

2. For punitive damages that would include any adverse ruling in state court.

3. For Plaintiff's costs in this action.

4. For reasonable attorney's fees incurred herein.

5. For any other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

Respectfully submitted

Dated this 19th day of July 2019

By: _____
Justin Gray
102 W. Pheasant Dr.
Austin, TX [78753]
justingraycomputer@gmail.com
512-653-1681
Plaintiff, in pro per

# AFFIDAVIT

I, the undersigned, hereby Attest and Declare:

I am the Plaintiff in the foregoing document entitled, PLAINTIFFS COMPLAINT FOR VIOLATIONS OF FDCPA AND AFFIDAVIT - JURY TRIAL DEMAND.

If called upon, I can testify to the firsthand knowledge of the facts herein.

I have read and know the contents thereof and certify that the matters stated therein are facts of my own knowledge, except as to those matters, which are therein stated upon my information or belief, and as to those matters, I believe them to be correct.

I declare under the penalty of perjury of the Laws of Texas, that the foregoing is correct and complete to the best of my knowledge, information and belief, and that this affidavit is executed in Travis County, State of Texas, and is dated this 19th day of July 2019.

By: _____

JUSTIN GRAY
Plaintiff, *Pro Per*

The above-named Affiant appeared before me, a Notary, subscribed, sworn under oath this 19th day of July 2019.

Print Name: Daniela Reyes

Signature: _____



DANIELA REYES
Notary Public, State of Texas
Comm. Expires 07-31-2022
Notary ID 131664466

My commission expires: 7·31·2022

# **CERTIFICATE OF SERVICE**

I, Justin Gray certify that on July 19th, 2019, I hand delivered the foregoing document as well as Exhibits A & B with the clerk of the U.S District Court, Western District of Texas located at the following address U.S. District Clerk's Office 501 West Fifth Street, Suite 1100 Austin, Texas 78701.

AO 440 (Rev. 06/12) Summons in a Civil Action – Process Server:

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

RAUSCH STURM ATTORNEYS IN PRACTICE OF DEBT COLLECTION
15660 N. Dallas Parkway, Suite 350
Dallas, TX 75248

AO 440 (Rev. 06/12) Summons in a Civil Action - Process Server:

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

Madeleine Hayes
15660 N. Dallas Parkway, Suite 350
Dallas, TX 75248


(signature)